IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID L. MAYFIELD, : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | Civil Action No. 04-888-JJF |
| : | |
| THOMAS CARROLL, Warden, : | |
| and M. JANE BRADY, : | |
| Attorney General for the : | |
| State of : | |
| Delaware, : | |
| : | |
| Respondents. : | |

**O R D E R**

At Wilmington this 16 day of March, 2005;

IT IS ORDERED that:

Petitioner David L. Mayfield's Motions For The Appointment Of Counsel are DENIED without prejudice to renew. (D.I. 2; D.I. 10; D.I. 26; D.I. 30; D.I. 37.)

Petitioner, a pro se litigant, has no automatic constitutional or statutory right to representation in this federal habeas proceeding. See Coleman v. Thompson, 501 U.S. 722, 752 (1991); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991); United States v. Roberson, 194 F.3d 408, 415 n.5 (3d Cir. 1999). However, the Court may seek representation by counsel for Petitioner "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [petitioner] resulting

. . . from [petitioner's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." <u>Tabron v. Grace</u>, 6 F.3d 147, 154 (3d Cir. 1993)(citing <u>Smith-Bey v. Petsock</u>, 741 F.2d 22, 26 (3d Cir. 1984); 18 U.S.C. § 3006A (a)(2)(B)(representation by counsel may be provided when a court determines that the "interests of justice so require").

Here, Petitioner seeks representation by counsel because he is indigent and incarcerated, he has limited knowledge of the law, and he has limited access to the prison law library. (D.I. 2; D.I. 10.) Petitioner also seeks representation by counsel to argue his medical issues and seek "adequate" medical care. (D.I 26; D.I. 30; D.I. 37.)

After reviewing Petitioner's Motions, the Court concludes that the "interests of justice" do not warrant representation by counsel at this time. The state court record provides a sufficient basis for resolving the issues raised in the Petition. <u>See</u>, <u>e.g.</u>, <u>Reese</u>, 946 F.2d at 263; <u>Boyd v. Groose</u>, 4 F.3d 669, 671 (8th Cir. 1993). Petitioner's claims seem to be fairly "straightforward and capable of resolution on the record," and his filings in this Court indicate his ability to present his case. <u>Parham v. Johnson</u>, 126 F.3d 454, 460 (3d Cir. 1997)(citations omitted). Further, representation by counsel is not warranted for Petitioner's medical claims because they are

not cognizable in this federal habeas proceeding. See, e.g., Preiser v. Rodriguez, 411 U.S. 475 (1973); U.S. v. Soneros, 599 F.2d 946 (10th Cir. 1979). It also does not appear that expert testimony will be necessary or that the ultimate resolution of the Petition will depend upon credibility determinations.

*[signature]*
UNITED STATES DISTRICT JUDGE