IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DAVID L. MAYFIELD,                          :
                                            :
                Petitioner,                 :
                                            :
        v.                                  :       Civ. Act. No. 04-888-JJF
                                            :
THOMAS L. CARROLL,   Warden,                :
                                            :
                Respondent.                 :

_____

David L. Mayfield.  Pro se Petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of
Justice, Wilmington, Delaware.  Attorney for Respondent.

_____

**MEMORANDUM OPINION**

October ⊥⊥, 2005
Wilmington, Delaware

Farnan, Judge

## I.  INTRODUCTION

Petitioner David L. Mayfield ("Petitioner") is a Delaware inmate in custody at the Delaware Correctional Center in Smyrna, Delaware.  Currently before the Court is Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition").  (D.I. 1; D.I. 12; D.I. 17.)  For the reasons that follow, the Court will deny his Petition.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On January 19, 1993, a New Castle County grand jury indicted Petitioner on one count of first degree unlawful sexual intercourse, first degree criminal solicitation, sexual harassment, and four counts of second degree unlawful sexual contact.  These charges stemmed from incidents involving Petitioner's actions with five teenage boys.

In January 1996, Petitioner pled guilty to the lesser included offense of third degree unlawful sexual intercourse in exchange for which the State dismissed the balance of the indictment.  In March 1996, the Superior Court sentenced Petitioner to 8 years at Level V, suspended immediately for 8 years at Level IV home confinement, suspended after serving 9 months for the balance at Level III probation.

Subsequently, the Superior found Petitioner guilty of violating his probation on three separate occasions: September

1

21, 1999; June 28, 2001; and October 1, 2002. At the last
violation hearing, the Superior Court sentenced Petitioner to 6
years at Level V, suspended after 3 years for 3 years at Level IV
work release, suspended in turn after 6 months for 30 months at
Level III probation. On that same date, the Superior Court also
found Petitioner in violation of his probation on a separate
conviction for possession of crack cocaine, and sentenced him to
1 year 9 months at Level V, suspended after 1 year for 9 months
at Level III probation.

Petitioner appealed the sentence to the Delaware Supreme
Court, alleging: (1) the probation officer committed perjury; (2)
his sentence was too harsh; and (3) the Superior Court judge who
conducted the hearing was not his original sentencing judge. The
Delaware Supreme Court affirmed his conviction and sentence.
Mayfield v. State, 820 A.2d 372 (Table), 2003 WL 1711946
(Del. 2003).

In April 2003, Petitioner filed his first motion for state
post-conviction relief pursuant to Delaware Superior Court
Criminal Rule 61, alleging: (1) counsel provided ineffective
assistance by failing to provide him with an understanding of the
law in relation to the facts and to advise him meaningfully of
his options; (2) counsel provided ineffective assistance by not
explaining the elements required to establish the crime charged;
(3) the court accepted his guilty plea [regarding the sexual

2

charges] without inquiring into whether he understood the nature of the charges; and (4) violation of his plea agreement because the probation officer and defense counsel led him to believe that he would be receiving a sentence for the violation within the Truth-In-Sentencing ("T.I.S.") guidelines.  <u>State v. Mayfield</u>, 2003 WL 21267422 (Del. Super. Ct. June 2, 2003).  The Superior Court denied the motion.  <u>Id.</u>

In December 2003, Petitioner filed a second Rule 61 motion, alleging: (1) the probation officer who testified at his probation violation hearing committed perjury; (2) the probation violation hearing was flawed because he was not given prior notice of the alleged violations; and (3) his sentence was excessive.  The Superior Court denied Petitioner's Rule 61 motion.  <u>Mayfield v. State</u>, 2004 WL 249588 (Del. Super. Ct. Jan. 29, 2004).  He appealed, and the Delaware Supreme Court affirmed the Superior Court's decision.  <u>Mayfield v. State</u>, 852 A.2d 908 (Table), 2004 WL 1535776 (Del. 2004).

In a form Petition dated July 2004, Petitioner instituted the habeas proceeding currently before the Court.  (D.I. 1.)  He subsequently filed additional papers supplementing his Petition. (D.I. 12; D.I. 17.)

Respondent filed an Answer requesting the Court to dismiss the Petition because one claim is procedurally barred, and three claims do not warrant federal habeas relief under 28 U.S.C. §

3

2254(d)(1).  (D.I. 9.)  Petitioner filed a Memorandum in
Opposition.  (D.I. 35.)

## III.  GOVERNING LEGAL PRINCIPLES

### A.  The Antiterrorism And Effective Death Penalty Act Of 1996

Congress enacted the Antiterrorism and Effective Death
Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution
of state and federal criminal sentences . . . and to further the
principles of comity, finality, and federalism."  Woodford v.
Garceau, 538 U.S. 202, 206 (2003)(internal citations and
quotation marks omitted).  Pursuant to the AEDPA, a federal court
may consider a habeas petition filed by a state prisoner only "on
the ground that he is in custody in violation of the Constitution
or laws or treaties of the United States."  28 U.S.C. § 2254(a).
The AEDPA increases the deference federal courts must give to
state court decisions, primarily by imposing procedural
requirements and standards "in order to prevent federal habeas
'retrials' and to ensure that state-court convictions are given
effect to the extent possible under law."  Bell v. Cone, 535 U.S.
685, 693 (2002); see Woodford, 538 U.S. at 206.

### B.  Exhaustion and Procedural Default

Absent exceptional circumstances, a federal court cannot
grant federal habeas relief unless the petitioner has exhausted
all means of available relief under state law.  28 U.S.C. §

2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842-44 (1999);

Picard v. Connor, 404 U.S. 270, 275 (1971).  The AEDPA states, in

pertinent part:

> An application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a State court
> shall not be granted unless it appears that -
>
> (A) the applicant has exhausted the remedies available in
> the courts of the State; or
>
> (B)(i) there is an absence of available State corrective
> process; or
>     (ii) circumstances exist that render such process
> ineffective to protect the rights of the
> applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity,

requiring a petitioner to give "state courts one full opportunity

to resolve any constitutional issues by invoking one complete

round of the State's established appellate review process."

O'Sullivan, 526 U.S. at 844-45;  Werts v. Vaughn, 228 F.3d 178,

192 (3d Cir. 2000); 28 U.S.C. § 2254(c)(A petitioner "shall not

be deemed to have exhausted remedies available . . . if he has

the right under the law of the state to raise, by any available

procedure, the question presented").  A petitioner must

demonstrate that he "fairly presented" the habeas claim to the

state's highest court, either on direct appeal or in a post-

conviction proceeding.  See Lambert v. Blackwell, 134 F.3d 506,

513 (3d Cir. 1997)(citations omitted);  Coverdale v. Snyder, 2000

WL 1897290, at *2 (D. Del. Dec. 22, 2000).  "'Fair presentation'

5

of a claim means that the petitioner 'must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted.'"  Holloway v. Horn, 355 F.3d 707, 714 (3d Cir. 2004)(citing McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999)).

If a petitioner presents unexhausted habeas claims to a federal court, but further state court review is procedurally barred, the federal court will excuse the failure to exhaust and treat the claims as exhausted.  Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000);  Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001);  see Teague v. Lane, 489 U.S. 288, 297-98 (1989). Although deemed exhausted, such claims are considered procedurally defaulted.  Coleman v. Thompson, 501 U.S. 722, 749 (1991);  Lines, 208 F.3d at 160.

A federal habeas court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims.  McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999);  Coleman, 501 U.S. at 750-51.;  Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir. 1992).  To demonstrate cause for a procedural default, the petitioner must show that "some objective factor external to the

defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, the petitioner must show "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger v. Frank, 266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of justice exception applies only in extraordinary cases where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency, Bousley v. United States, 523 U.S. 614, 623 (1998), and is established if no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. Sweger v. Chesney, 294 F.3d 506, 522-24 (3d Cir. 2002).

C.  **Standard Of Review Under The AEDPA**

If a state court adjudicated a federal habeas claim on the merits, federal habeas relief cannot be granted unless the state court's decision was "contrary to, or involved an unreasonable

7

application of, clearly established Federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial.  28 U.S.C. § 2254(d)(1) & (2); Williams v. Taylor, 529 U.S. 362, 412 (2000);  Appel v. Horn, 250 F.3d 203, 210 (3d Cir. 2001).  A state court has adjudicated a claim on the merits for the purposes 28 U.S.C. § 2254(d) if the state court "decision finally resolv[es] the parties' claims, with res judicata effect, [and] is based on the substance of the claim advanced, rather than on a procedural, or other ground." Rompilla v. Horn, 355 F.3d 233, 247 (3d Cir. 2004)(internal citations omitted), rev'd on other grounds by Rompilla v. Beard, - U.S. - , 125 S.Ct. 2456 (2005).

Finally, a federal habeas court must presume that a state court's determinations of factual issues are correct.  28 U.S.C. § 2254(e)(1).  This presumption of correctness applies to both explicit and implicit findings of fact,  Campbell v. Vaughn, 209 F.3d 280, 286 (3d Cir. 2000), and is only rebuttable if the petitioner presents clear and convincing evidence.  28 U.S.C. § 2254(e)(1);  Miller-El v. Cockrell, 537 U.S. 322, 341 (2003)(stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions).

IV.  **DISCUSSION**

Petitioner presents four grounds in his Petition and supplemental papers challenging his 2002 violation of probation proceeding: (1) the Superior Court's sentence is excessive because he only committed technical violations of his probation; (2) the probation officer perjured herself during the violation of probation hearing, and this perjured testimony caused the Superior Court to find he was guilty; (3) he was not notified of the evidence against him prior to the violation of probation hearing; and (4) his attorney provided ineffective assistance during his appeal of the violation of probation.

  **A.  Claim One**

In his first claim, Petitioner alleges that the Superior Court violated Delaware's sentencing guidelines in issuing a 4 year 9 month probation violation sentence at Level V imprisonment.  He also contends that this sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment because he only had two technical violations of his probation.

As an initial matter, the Court notes that "the severity of the defendant's sentence alone constitutes no ground for [habeas] relief," Jackson v. Myers, 374 F.2d 707, 711 n. 11 (3d Cir. 1967), provided the sentence is within statutory limits. Townsend v. Burke, 334 U.S. 736, 741 (1948).  A federal court can only review a state sentence that is alleged to violate a

9

separate constitutional limitation.  See Pringle v. Court of
Common Pleas, 744 F.2d 297, 300 (3d Cir. 1984).  Accordingly, to
the extent Petitioner contends his sentence violates Delaware's
sentencing guidelines, he has presented a state law issue that is
not cognizable on federal habeas review.  See Estelle v. McGuire,
502 U.S. 62, 67 (1991).  However, to the extent Petitioner
alleges his sentence constitutes cruel and unusual punishment
under the Eighth Amendment, he has presented a proper claim for
federal habeas review.

Respondent acknowledges that Petitioner exhausted state
remedies for his Eighth Amendment claim by presenting it to the
Delaware Supreme Court on direct appeal.  The Delaware Supreme
Court denied the claim on the merits.  See Rompilla, 355 F.3d at
247.  Therefore, federal habeas relief will only be warranted if
the Delaware Supreme Court's decision is contrary to, or an
unreasonable application of, clearly settled Federal law as
established by the Supreme Court.  28 U.S.C. § 2254(d)(1).

The threshold inquiry under § 2254(d)(1) is to determine the
clearly established federal law governing the issue at the time
the petitioner's conviction became final.  Williams, 529 U.S. at
411; Fischetti v. Johnson, 384 F.3d 140, 148 (3d Cir. 2004).
The Eighth Amendment forbids cruel and unusual punishment, and it
applies to the States via the Fourteenth Amendment.  Robinson v.
California, 370 U.S. 660, 667 (1962).

10

Two recent decisions of the United States Supreme Court summarize the applicable Eighth Amendment principles for non-capital sentencing: Lockyer v. Andrade, 538 U.S. 63 (2003) and Ewing v. California, 538 U.S. 11 (2003).  In Lockyer, the Supreme Court extensively reviewed its prior cases dealing with Eighth Amendment challenges to criminal sentences, and concluded that it has "not established a clear and consistent path for courts to follow [in determining whether a particular sentence for a term of years can violate the Eighth Amendment]."  Lockyer, 538 U.S. at 72.  The Court held that, for the purposes of analyzing an Eighth Amendment claim under § 2254(d)(1), the only clearly established governing legal principle is "[a] gross proportionality principle . . . the precise contours of [which] are unclear, applicable only in the 'exceedingly rare' and 'extreme' case."  Id.

In Ewing, the Supreme Court rejected the defendant's claim that a sentence of 25 years to life for stealing three golf clubs was "grossly disproportionate" to the crime.  The Court held that the "Eighth Amendment does not require strict proportionality between the crime and the sentence.  Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime."  Id. at 1186-87.  In other words, the Eighth Amendment "contains a 'narrow proportionality principle' that 'applies to noncapital sentences.'"  Id. at 20 (internal citations omitted).

11

Applying these principles, the Court concludes that the
Delaware Supreme Court's decision rejecting Petitioner's Eighth
Amendment claim was neither contrary to, nor an unreasonable
application of, the gross proportionality standard as articulated
in Lockyer and Andrade.  Petitioner's original 1996 sentence was
for eight years incarceration at Level V, and his 2002 violation
of probation sentence was for a total of 4 years 9 months at
Level V incarceration.  In Delaware, after determining that a
probationer violated the terms of his probation, the Superior
Court is authorized to reimpose any portion of his previously
suspended prison term, giving credit for all time previously
served on the sentence at Level V incarceration.  Gamble v.
State, 728 A.2d 1171, 1172 (Del. 1999).  The maximum permissible
sentence for a probation violation does not depend upon whether
the probation violation is technical or not; rather, the maximum
permissible sentence depends upon the probationer's original
sentence and the amount of time previously suspended and served
at Level V.  See, e.g., 11 Del. C. Ann. § 4334(c)(stating that
"[i]f the violation is established, the court may . .. require
the probation violator to serve the sentence imposed, or any
lesser sentence, and, if imposition of sentence was suspended,
may impose any sentence which might originally have been
imposed").  Clearly, Petitioner's 2002 probation violation
sentence does not exceed the Level V time originally imposed and

12

suspended, nor does it exceed the authorized statutory limits.

Additionally, Petitioner's violation of probation was established by competent evidence.  He violated his probation on three separate occasions, and the record establishes that Petitioner's prior non-incarcerative sentences were not effective in preventing him from committing further violations of his probation.  Viewing all of these factors together, the Court concludes that Petitioner's sentence is not so exceedingly rare or extreme to warrant a finding that his 2002 violation of probation sentence is "grossly disproportionate" to his probation violation.  Thus, Petitioner's Eighth Amendment claim does not warrant federal habeas relief under § 2254(d)(1).

**B.  Claim Two**

In his second claim, Petitioner contends that his probationer officer testified untruthfully during his probation violation hearing, thereby misleading the judge in violation of his Due Process rights under the Fourteenth Amendment.  He contends that the following statement adversely affected the fairness of his probation violation proceeding:

> Mr. Mayfield has five young male victims, and it's my concern that with him running amuck using cocaine, which lowers his impulse control, that he's a danger to the community.

(D.I. 12, at 5.)  Petitioner argues that, because the nature of his "technical" probation violations were drug related, this statement inappropriately referred to sexual offenses.

13

Petitioner presented this claim to the Delaware Supreme Court in his direct appeal, thereby exhausting state remedies. The Delaware Supreme Court denied this claim on the merits. Therefore, the Court must determine whether the Delaware Supreme Court's decision is contrary to, or an unreasonable application of, clearly established Federal law.

It is well-settled that revocation of probation hearings are only subject to the minimum requirements of due process. Black v. Romano, 471 U.S. 606, 612 (1985); United States v. Barnhart, 980 F.2d 219, 222 (3d Cir. 1992). These requirements include: (1) written notice of the claimed violations of probation; (2) disclosure to the probationer of evidence against him; (3) an opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses; (5) a neutral and detached hearing body; and (6) a written statement by the factfinder as to evidence relied on and reasons for revoking probation. Gagnon v. Scarpelli, 411 U.S. 778, 786 (1973)(citing Morrissey v. Brewer, 408 U.S. 471, 489 (1972)).

Here, the probation officer's statement that Petitioner was on probation for sexual offenses committed against five teenage boys was accurate, as was her statement that Petitioner had previously failed at non-incarcerative treatment. Petitioner himself admitted that he had used crack cocaine, and that he had

14

"technically violated" his probation by testing positive for such use and by failing to report to his probation officer.  Also significant is the fact that Petitioner does not allege that he was prevented from challenging the probation officer's statement, nor does he contend that the Superior Court judge was not neutral.  Petitioner had written notice of the violation of probation hearing and was represented by counsel during the hearing.  He also received a written order revoking his probation, from which he took an appeal.

Applying the applicable Supreme Court precedent to these facts, the Court concludes that the Delaware Supreme Court's denial of Petitioner's due process claim was neither contrary to, nor an unreasonable application of, clearly established federal law.  Accordingly, this claim does not warrant federal habeas relief under § 2254(d)(1).

**C.   Claim Three**

In his third claim, Petitioner contends that his Due Process rights were violated because he never received written notification of the basis for the alleged probation violation. He did not present this claim to the Delaware Supreme Court in his direct appeal, and he also did not present the claim to the Superior Court in his first Rule 61 motion.  Rather, Petitioner raised this issue to the Superior Court in his second Rule 61 motion.  The Superior Court concluded that it was barred from

15

reviewing the claim under Rule 61(i)(2) because Petitioner had failed to raise it in his first Rule 61 motion.  State v. Mayfield, 2004 WL 249588, at *4-5 (Del. Super. Ct. Jan. 29, 2004).  Even though Petitioner appealed the Superior Court's denial of his second Rule 61 motion, he did not include his due process claim in his post-conviction appeal.  As such, the Delaware Supreme Court held that Petitioner had waived the issue under Somerville v. State, 703 A.2d 629, 631 (Del. 1997). Mayfield v. State, 852 A.2d 908 (Table), 2004 WL 1535776, at **1 (Del. July 19, 2004).

If a state court refuses to address the merits of a petitioner's constitutional claim based upon an adequate and independent state procedural rule, the claim is considered to be procedurally defaulted.  Harris v. Reed, 489 U.S. 255, 260 (1989).  Here, by citing the Somerville decision as the basis for its waiver determination, the Delaware Supreme Court plainly stated that its decision rested on state law grounds.  Id. at 263-265.  The waiver rule in Somerville is an independent and adequate state ground precluding federal habeas review.  See McLaughlin v. Carroll, 270 F. Supp. 2d 490, 512 (D. Del. 2003); Carter v. Neal, 910 F. Supp. 143, 151-52 (D. Del. 1995). Therefore, the Court cannot conduct federal habeas review of this claim unless Petitioner establishes cause for his procedural default and actual prejudice resulting therefrom, or that a

16

miscarriage of justice will result if the Court refuses to review
this claim.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 750-51 (1991).

Petitioner does not allege, and the Court cannot discern,
any reason for his failure to present this issue to the Delaware
Supreme Court in his appeal of the probation violation proceeding
or in his appeal of his second Rule 61 motion.  In the absence of
cause, the Court will not address the issue of actual prejudice.

Further, Petitioner has not attempted to demonstrate his
actual innocence, nor has he presented any colorable evidence of
his actual innocence.  Thus, he has failed to demonstrate that a
miscarriage of justice will occur if the Court declines to review
this claim.  Accordingly, the Court will dismiss Petitioner's
claim as procedurally barred.

D.  **Claim Four**

Petitioner's final claim is that his counsel provided
ineffective assistance on direct appeal by moving to withdraw as
his counsel under Delaware Supreme Court Rule 26(c).  Petitioner
did not raise this issue in either of his Rule 61 motions to the
Superior Court, and he did not raise it in his post-conviction
appeals.  Thus, Respondent is correct that Petitioner did not
exhaust state remedies for this claim.

The Court must excuse Petitioner's failure to exhaust state
remedies, and treat the claim as exhausted, because Delaware
Superior Court Criminal Rule 61(i)(2) would bar any further state

17

court review of this claim.[1]  Although deemed exhausted, the claim is still procedurally defaulted, thereby precluding federal habeas review of the claim absent a showing of cause and actual prejudice, or a miscarriage of justice.

Petitioner does not provide any reason for his failure to present this claim to any state court.  In the absence of cause, the Court need not address the issue of actual prejudice.  Further, Petitioner does not assert his actual innocence, thus, he has failed to demonstrate that the Court should review this claim to prevent a miscarriage of justice.  Accordingly, the Court will dismiss this claim as procedurally barred.

## V.  CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability.  See Third Circuit Local Appellate Rule 22.2.  A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  28 U.S.C. § 2253(c)(2);  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

For these reasons, the Court concludes that none of

---

[1] Pursuant to Rule 61(i)(2), "[a]ny ground for relief that was not asserted in a prior postconviction proceeding . . . is thereafter barred."

18

Petitioner's habeas claims warrant federal habeas relief, and further, that reasonable jurists would not find these conclusions to be unreasonable.  Consequently, the Court declines to issue a certificate of appealability.

## VI.   CONCLUSION

For the reasons discussed, the Court will dismiss Petitioner's Petition.

An appropriate Order will be entered.